# MEMORANDUM DECISIONS

**1**

BELL v. THOMSEN, Supreme Court of Texas. Feb. 16, 1927. On motion for rehearing. For former opinion, see 273 S. W. 1109.

SHORT, J., delivered the opinion of the Commission of Appeals, Section B: We have given consideration to the three motions for rehearing, filed in this case, respectively, by the complaining parties, and, being unable to discover anything new in any of them, or any material issue necessary to a proper disposal of the certified questions, which have not been given due attention in the original opinion, we recommend that the motions be overruled.

**2**

B. E. BASSETT v. STATE. (No. 11609.) Court of Criminal Appeals of Texas. Jan. 25, 1928. Appeal from District Court, Dawson County; Gordon B. McGuire, Judge. Carl Rountree, of Lamesa, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is rape; punishment fixed at confinement in the penitentiary for a period of 7 years. Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

**3**

Nicolas COVARRUBIAS v. STATE. (No. 11294.) Court of Criminal Appeals of Texas. Jan. 18, 1928. Appeal from District Court, Bexar County; W. O. Murray, Jr., Judge. J. W. Conger, M. C. Gonzales, and Grover C. Morris, all of San Antonio, for appellant. Lamar Seeligson, Dist. Atty., and Walter Tynan, Asst. Dist. Atty., both of San Antonio, and A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. By an indictment containing several counts, appellant was charged with the murder of one Ignacio Urias by the use of a bomb, dynamite, and some high explosive, the exact nature of which could not be ascertained. The trial resulted in conviction, with punishment assessed at life imprisonment in the penitentiary. Notwithstanding the severe penalty, we find no statement of facts or bills of exception in the record. Some objections were urged to the court's charge, but none of them complain of any matter which can be regarded as of a serious nature, or which could be appraised with any accuracy without knowledge of the facts in evidence. In the condition of the record there is nothing to review, and the judgment is affirmed.

**4**

Jerome CURBY v. STATE. (No. 11604.) Court of Criminal Appeals of Texas. Jan. 25, 1928. Appeal from District Court, Shelby County; R. T. Brown, Judge. E. B. Lewis and E. J. McLeroy, both of Center, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for robbery, with the punishment assessed at 10 years in the penitentiary. Appellant files with this court his affidavit, advising that he desires to withdraw his case from further consideration. In compliance with his request, the appeal is ordered dismissed.

**5**

Jack DAVIS v. STATE. (No. 11344.) Court of Criminal Appeals of Texas. Jan. 25, 1928. Appeal from District Court, Potter County; Henry S. Bishop, Judge. Fred H. Woodard, of Amarillo, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for robbery; punishment, 15 years in the penitentiary. No bills of exception, or other objections to procedure, appear in the record. The state's witness testified that by the use and exhibition of a pistol appellant took from him $50 in money. His identification of appellant was positive. The theory of the defense was that appellant got money from the state's witness with which to purchase whisky. There was quite a bit of confusion and contradiction in the testimony of appellant. The jury have settled the facts against him, and we see no reason for doubting the correctness of their disposition. The judgment will be affirmed.

**6**

W. H. GRAY v. STATE. (No. 11576.) Court of Criminal Appeals of Texas. Jan. 18, 1928. Appeal from District Court, Johnson County; Irwin T. Ward, Judge. A. C. Chrisman, of Cleburne, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Appellant is under conviction for driving an automobile while intoxicated; punishment assessed at a fine of $200 and 40 days in jail. Appellant has filed his affidavit requesting permission to withdraw his appeal, and in compliance therewith the appeal is ordered dismissed.

**7**

George KILGORE v. STATE. (No. 11343.) Court of Criminal Appeals of Texas. Jan. 25, 1928. Appeal from Lamar County Court; J. M. Braswell, Judge. Eubank & Fisher, of Paris, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for drunkenness in a public place; the punishment being a fine of $40. The record before us is without statement of facts or bills of exception. In such condition, nothing is presented for review. The judgment is affirmed.